IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANDY DAWN SKINNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3209-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Claimant Brandy Skinner seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She filed her application for benefits on August 14, 2004. The parties' briefs were fully submitted, and on February 5, 2007, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Brandy Skinner was born in 1986 and has an eighth grade education. She is approximately 5 feet 6 inches tall and weighs around 250 pounds. She claims she is disabled because of scleroderma with morphea, obesity, depression, anxiety with social phobia, borderline intellectual functioning, and a learning disability in math. She has no work history.

The evidence indicates Skinner has lived with her mother and brother, with friends, and on her own in an apartment. She drives a car, has had boyfriends, and has engaged in social activities with her boyfriends or other friends. In 1999, her IQ was measured at 71, but treating

sources have indicated her functional IQ is higher and closer to average.  Skinner has had mental health treatment, including counseling therapy and prescription medications.

The Administrative Law Judge (ALJ) found the impairments noted above to be severe within the meaning of the Social Security Act, but ultimately found claimant had the physical capacity for medium work activity.  Further, the ALJ found claimant's mental impairments were somewhat limiting, but that she retained the "basic mental capacity to, on a regular basis to understand, remember, and carry out simple instructions; make judgments that are commensurate with the functions of unskilled work - i.e. simple work related decisions; respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." (Tr. 20.)  Based upon the testimony of a vocational expert, the ALJ found claimant had the capacity to perform work such as a laundry worker or kitchen helper.

In her challenge to the ALJ's decision, claimant asserts improper weight was given to the opinions of the treating mental health doctors, greater consideration should have been given to the combination of her impairments, improper weight was given to her credibility and subjective complaints, and the hypothetical presented to the vocational expert was improper.

Skinner received individual therapy from Cheryl List, Ph.D., in 2004 and 2005.  In 2005, Dr. List referred claimant to Dr. Angelo Oloman for medication evaluation for depression and symptoms of panic attacks and social anxiety.  Dr. List's clinical notes clearly suggest claimant is capable of working in some capacity.  Dr. Oloman's medical sources statement indicates claimant has impairments that would preclude work.  Skinner believes more weight should have been given to Dr. Oloman's opinion.

The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data.  Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)).

In this case, there are two treating sources with somewhat conflicting opinions.  The ALJ found Dr. List's opinion to be more credible, and there is substantial evidence in the record to support that finding.  Dr. List's clinical notes contain more detail, show considerable interaction with claimant, relate to her daily activities and mental state, and otherwise show a more substantial relationship than do the notes of Dr. Oloman.

3

Dr. Oloman's notes appear to reflect Skinner's reports of her scaled levels of anxiety, depression and anger, and to document medication prescribed for her condition. Dr. Oloman did not restrict claimant's activities or note her activities in a manner that would indicate what she was actually doing or capable of doing on a daily basis. Thus, it is not clear whether the treatment notes support the limitations marked on the medical source statement.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Here, the ALJ was required to make credibility findings with respect to the treating sources and to claimant's subjective complaints.

Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

The ALJ found claimant's subjective complaints to be exaggerated and inconsistent with the other evidence. He noted those inconsistencies, and there is substantial evidence in the record to support his findings. Although asserting panic attacks and social phobia, the records indicate claimant had friends, went to public places and social events, drove her car, did some shopping, and otherwise functioned on a daily basis. A 2002 note on a clinical assessment indicates Skinner stated, "[t]he only thing I like to do is be with my friends" and that her father stated she wanted "to run around all night and stuff like that." Later notes indicate she spent a lot of time with her friends and family.

She indicated she had trouble sleeping and with fatigue, but clinical notes report her sleeping ten to twelve hours at a time, frequently beginning in the early morning hours and continuing until the late morning or afternoon. She also reported being concerned that she would lose Medicaid and the ability to pay for her medications if she was not considered disabled after she turned 19.

The notes for her physical impairments suggest her condition was relatively stable and had a very limited impact on her daily activities. When her conditions are considered together, there is still substantial evidence on the record as a whole to support the ALJ's findings and decision.

4

Skinner also challenges the hypothetical posed to the vocational expert. After review, the court does not find the ALJ erred. A hypothetical is proper if it includes all of the impairments which the ALJ concludes are credible. See Montgomery v. Chater, 69 F.3d 273, 275 (8th Cir. 1995).

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). After careful consideration of the record, the court finds substantial evidence to support the ALJ's decision to discount plaintiff's testimony and to give greater weight to the opinion of Dr. List. Further, the agency's decision is supported by substantial evidence on the record. Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 7th day of February, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge